Gaxherri v. Holder

BIA
Abrams, IJ
A088 378 135

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of September, two thousand thirteen.

PRESENT:
>            ROSEMARY S. POOLER,
>            BARRINGTON D. PARKER,
>            RICHARD C. WESLEY,
>                 *Circuit Judges.*

_____

XHAVIT GAXHERRI,
>            *Petitioner,*

>            v.                                11-3288
>                                             NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>            *Respondent.*

_____

FOR PETITIONER:             Charles Christophe, Christophe Law
                            Group, P.C., New York, New York.

FOR RESPONDENT:             Tony West, Assistant Attorney General;
                            Keith I. McManus, Senior Litigation
                            Counsel; Timothy G. Hayes, Trial
                            Attorney, Office of Immigration
                            Litigation, United States Department of
                            Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xhavit Gaxherri, a native of the former Yugoslavia and a citizen of Kosovo, seeks review of a July 15, 2011, decision of the BIA affirming the May 22, 2009, decision of Immigration Judge ("IJ") Steven R. Abrams denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Xhavit Gaxherri*, No. A088 378 135 (B.I.A. July 15, 2011), aff'g No. A088 378 135 (Immig. Ct. N.Y. City May 22, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Aliyev v. Mukasey*, 549 F.3d 111, 115 (2d Cir. 2008).

**I.  Asylum and Withholding of Removal**

For applications, like Gaxherri's, governed by the REAL ID Act, in order to demonstrate eligibility for asylum and

2

withholding of removal, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); 8 U.S.C. § 1231(b)(3)(A); *see also Matter of J-B-N- and S-M-*, 24 I. & N. Dec. 208 (BIA 2007); *Matter of C-T-L-*, 25 I. & N. Dec. 341 (BIA 2010) (holding that the "one central reason" standard for asylum also applies to applications for withholding of removal).

As the agency concluded, Gaxherri was not entitled to asylum or withholding of removal because he failed to demonstrate that officials in Kosovo had been, or would be, unwilling or unable to protect him from his assailants, whether they were his political opponents or individuals targeting him because of a blood feud. *See Rizal v. Gonzales*, 442 F.3d 84, 92 (2d Cir. 2006) (holding that an alien can establish persecution by non-state actors if the government is unwilling or unable to control them); *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006) ("[I]t is well established that private acts may be persecution if the government has proved unwilling to control such actions."). Gaxherri offered no evidence that he reported the attacks to the police, or that the police would not have been willing or

able to protect him if he had, and did not submit evidence to establish that the authorities would be unwilling or unable to protect him if he was targeted in a blood feud.  Absent evidence that the government of Kosovo was unwilling to protect him, the agency reasonably concluded that Gaxherri did not establish past persecution or a well-founded fear of persecution. *See id.*, at 342; *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (absent "solid support" in the record that a fear is objectively reasonable, a claim of future persecution is "speculative at best.").

Moreover, with respect to Gaxherri's membership in the Democratic League of Kosovo ("DLK"), the record reflects that, since the assaults in 2005 and 2006, Kosovo has declared its independence, and is currently governed by a parliamentary democracy, within which the DLK and the Democratic Party share power.  Accordingly, although Gaxherri argues that he fears the Democratic Party because many former members of the Kosovo Liberation Army, whose members he believed were his assailants, had joined that party, given the change in political conditions that has taken place since Gaxherri left Kosovo, nothing in the record establishes that Gaxherri has a well-founded fear of persecution on the basis of his DLK membership.  *Jian Xing Huang*, 421 F.3d at 129.

4

## II. CAT Relief

The agency also reasonably concluded that Gaxherri failed to demonstrate a likelihood of torture by or with the acquiescence of the government of Kosovo. The agency's regulations define torture, in pertinent part, "as any act by which severe pain or suffering . . . is intentionally inflicted . . . [for certain purposes] when such pain or suffering is inflicted by or at the acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). "[A]cquiescence . . . requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it." *Khouzam v. Ashcroft*, 361 F.3d 161, 170-71 (2d Cir. 2004). Gaxherri offered no evidence that government officials in Kosovo would breach their legal responsibility to prevent harm related to the blood feud. Absent such evidence, the agency did not err in determining that Gaxherri failed to demonstrate a likelihood of torture with the acquiescence of the government of Kosovo.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot

5

and the pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk